Keith W. Miller
Jonathan A. Choa
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham (*Pro hac vice* application to be filed)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

William F. Sullivan (*Pro hac vice* application to be filed)
Howard M. Privette (*Pro hac vice* application to be filed)
John S. Durrant (*Pro hac vice* application to be filed)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 S. Flower Street
Los Angeles, California
(213) 683-6000

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO L. SANCHEZ, on behalf of himself and all others similarly sitiuated,<br><br>                    Plaintiff,<br><br>     - against -<br><br>UBS AG, UBS SECURITIES LLC and UBS FINANCIAL SERVICES, INC.,<br><br>                 Defendants. | CASE NO: 08-CV-03082 (DLC)<br><br>**NOTICE OF RELATED CASE** |

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to Rule 1.6(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, counsel for defendants UBS AG and UBS Financial Services, Inc. brings to the attention of the Court facts showing that two new cases presently assigned to the Honorable Denise L. Cote, entitled *Chandler v. UBS AG, et al.*, Case No. 1:08-cv-02967 and *Sanchez v. UBS AG, et al.*, Case No. 1:08-cv-03082, are related to a previously-filed case assigned to the Honorable Lawrence M. McKenna, entitled *Kassover v. UBS AG, et al.*, Case No. 1:08-cv-02753.

Defendants believe that it would be appropriate to transfer the *Chandler* and *Sanchez* cases to the docket of Judge McKenna because, in light of the substantially related subject matter of these cases, they should be heard by the same judge in order to avoid unnecessary duplication of judicial effort.

In the first-filed *Kassover* case pending before Judge McKenna, on March 14, 2008, plaintiff Ronald D. Kassover ("Kassover") filed a purported class action complaint, allegedly on behalf of all clients of defendants UBS AG and UBS Financial Services Inc. who had cash invested into auction rate securities ("ARS") between March 14, 2002 through March 14, 2008. In the second-filed *Chandler* case, on March 21, 2008, plaintiffs David and Shelly Chandler ("the Chandlers") filed a purported class action complaint, allegedly on behalf of all persons who purchased and continue to hold auction rate securities offered for sale by defendants UBS AG, UBS Securities LLC, and UBS Financial Services, Inc. between March 21, 2003, and February 13, 2008. In the third-filed case, on March 21, 2008, plaintiff Ricardo L. Sanchez ("Sanchez") also filed a purported class action complaint, allegedly on behalf of all persons who purchased and/or repurchased auction rate securities from defendants UBS AG, UBS Securities LLC, and UBS Financial Services, Inc. between March 21, 2003, and February 13, 2008. Thus, the

purported class period alleged in the first-filed *Kassover* complaint subsumes the shorter class period alleged by the *Chandler* and *Sanchez* plaintiffs.

The later-filed *Chandler* and *Sanchez* complaints echo the generalized allegations first made in *Kassover* concerning representations supposedly made by the defendants about ARS, and the results of ARS auctions in February 2008. All three complaints, for example, are based on general contentions that the defendants misled investors by allegedly marketing ARS as cash equivalents or cash alternatives without sufficiently disclosing the risks associated with holding ARS. All three complaints also include allegations that defendants acted improperly in their participation and/or their failure to participate in ARS auctions beginning in February 2008. Ultimately, all three complaints are based on allegations that, in February 2008, the failure of ARS auctions left holders of ARS with illiquid investments. Thus, based on the same alleged conduct set forth in the original *Kassover* complaint, the plaintiffs in *Chandler* and *Sanchez* seek to assert claims under the federal securities laws.

Defendants believe that the transfer of the *Chandler* and *Sanchez* cases to Judge McKenna (who presides over the first-filed *Kassover* action), would likely prove to be efficient and practical. For example, Judge McKenna has already held a status conference in the *Kassover* action and set dates for the plaintiff to file an amended complaint and for defendants to file a motion to dismiss. Furthermore, the *Chandler* and *Sanchez* plaintiffs purport to state claims under the Securities Exchange Act of 1934, and thus their cases are subject to the automatic discovery stay of the Private Securities Litigation Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u-4(b)(3)(B) (staying discovery pending a motion to dismiss). Having a single judge address discovery issues for both actions, without undermining the purpose of the purpose of the PSLRA, should prove more efficient for both the Court and the parties.

Dated: New York, New York             PAUL, HASTINGS, JANOFSKY & WALKER LLP
      April 16, 2008


                                  By:  Jonathan Choa /s/
                                      Jonathan A. Choa

                                jonathanchoa@paulhastings.com
                                Keith Miller
                                keithmiller@paulhastings.com
                                75 East 55th Street
                                New York, New York 10022
                                (212) 318-6000

                                James D. Wareham
                                jameswareham@paulhastings.com
                                875 15th Street, N.W.
                                Washington, D.C. 20005
                                (202) 551-1700

                                William F. Sullivan
                                williamsullivan@paulhastings.com
                                Howard M. Privette
                                howardprivette@paulhastings.com
                                John S. Durrant
                                johndurrant@paulhastings.com
                                515 S. Flower Street
                                Los Angeles, California
                                (213) 683-6000

                                     *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has caused to be served via UPS overnight a true and correct copy of the foregoing Notice of Related Case this 16th day of April, 2008, on the following:

Samuel P. Sporn, Esq.
Schoengold, Sporn, Laitman & Lometti, P.C.
19 Fulton Street, Suite 406
New York, NY 10038

Jonathan K. Levine, Esq.
Girard Gibbs LLP
601 California St., 14th Floor
San Francisco, CA 94108

Eduard Korsinsky, Esq.
Levi Korsinsky, LLP
39 Broadway, Suite 1601
New York, NY 10006

Christopher A. Seeger, Esq.
Seeger Weiss LLP
One William Street
New York, NY 10004

Norman E. Siegel, Esq.
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

Jonathan A. Choa